[No. 12839.  Department Two.  December 29, 1915.]

WILLIAM JOHNSTON, *Respondent*, v. WARREN SMITH *et al.*,
*Appellants*.[1]

ANIMALS—HIRING—INJURY TO HORSES—DAMAGES.  In an action
for damages from overworking plaintiff's horses, hired to the de-
fendant, resulting in their disability and loss of use for a stated
period of time after their return, it is error, in estimating the
damages, to include Sundays, where the plaintiff testified that he
did not work his horses on Sunday.

Appeal from a judgment of the superior court for Adams
county, Linn, J., entered February 1, 1915, upon findings in
favor of the plaintiff, in an action for damages, tried to the
court.  Modified.

*Wm. O. Lewis*, for appellants.

*G. E. Lovell*, for respondent.

MAIN, J.—Some time during the month of July, 1914, the
defendant Warren Smith hired from the respondent four head
of horses to be worked on a combination harvester and thresh-
er during the harvesting season for that year.  The compen-
sation for the use of the horses was to be at the rate of
seventy-five cents per day for each horse while it was at work.
On the 18th day of August, 1914, the plaintiff demanded pos-
session of the horses, and they were returned to him on that
day.  Thereafter the present action was instituted, the plain-
tiff claiming that, during the time the horses were in the pos-
session of the defendants, they had been overworked and im-
properly cared for, and that by reason thereof the plaintiff
has been deprived of their use for a number of weeks after
they had been returned to him.  The cause was tried to the
court without a jury, and resulted in a judgment in favor
of the plaintiff for the sum of $143.25.  From this judgment,
the defendants have appealed.

No question appears in the case relative to the earnings of
the horses during the time they were in the possession of the

[1]Reported in 153 Pac. 1056.

appellants. The principal question is whether the horses were overworked and improperly cared for during the period they were under hire. This is a question of fact. The evidence is conflicting. Upon this conflicting evidence the trial court found in favor of the respondent. A review of the evidence leads to the conclusion that the trial court's finding upon this question should not be disturbed.

It is claimed, however, that the amount of the judgment is too large, in that the respondent was allowed damages at the rate of seventy-five cents per day for each horse during the period of disability, including Sundays. According to the finding of the trial court, one horse was disabled and unfit for work from August 18, 1914, to September 28, 1914; one from August 18, 1914, to October 1, 1914; one from August 18, 1914, to October 27, 1914; and one from August 18, 1914, to September 28, 1914; making a total disability for the four horses of 191 days, including Sundays. Finding the reasonable value of the use of each horse at seventy-five cents per day, the damages amounted to $143.25, and this is the amount for which judgment was entered.

The respondent, on cross-examination, in answer to a question, stated that he did not work his horses on Sundays. If he did not work his horses on Sunday, there appears to be no reason why he should be given damages for the loss of their use on that day. Whether damages could in any event be recovered for the loss of the use of the horses on Sunday, there is no necessity here to inquire, as, under the respondent's own testimony, he was not entitled to compensation for that day.

The case will be remanded to the superior court with direction to modify the judgment in accordance with the views herein expressed. The costs in this court will be charged to the respondent.

MORRIS, C. J., PARKER, and HOLCOMB, JJ., concur.